**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
**STEPHANIE A. GALLAGHER**
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

May 21, 2024

LETTER TO COUNSEL

RE:   *Melissa B. v. Commissioner, Social Security Administration*
       Civil No. SAG-23-1917

Dear Counsel:

On July 18, 2023, Plaintiff petitioned the Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") decision to deny her claim for benefits. ECF No. 1. Having reviewed the record (ECF No. 9) and the parties' briefs (ECF Nos. 12, 14, 15), I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). I must uphold the SSA's decision if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will reverse the SSA's decision and remand this case for further analysis. This letter explains my rationale.

## I.   PROCEDURAL BACKGROUND

Plaintiff protectively filed a claim for supplemental security income benefits on October 2, 2015, alleging a disability onset date of October 1, 2009. Tr. 1054, 1109. She later amended her alleged onset date to March 7, 2015. Tr. 1033. Her claim was denied initially and on reconsideration. Tr. 145–48, 153–54. On October 18, 2018, an Administrative Law Judge ("ALJ") held a hearing. Tr. 32–81. On December 27, 2018, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[1] during the relevant period. Tr. 11–31. The Appeals Council denied review, Tr. 1–7, so Plaintiff appealed to this Court, Tr. 1101–08. The Court remanded Plaintiff's case to the SSA. Tr. 1109–14.

On remand, the Appeals Council vacated the ALJ's decision and remanded the case to an ALJ for further proceedings. Tr. 1119. On March 24, 2023, a different ALJ held a hearing. Tr. 1062–1100. On April 18, 2023, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act. Tr. 1030–61. Because Plaintiff filed no exceptions with the Appeals Council, and because the Appeals Council did not otherwise assume jurisdiction, the April 18, 2023 decision is the Commissioner's final decision and is subject to judicial review. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 416.1484(d).

---

[1] 42 U.S.C. §§ 301 et seq.

*Melissa B. v. Commissioner, Social Security Administration*
Civil No. SAG-23-1917
May 21, 2024
Page 2

## II.     THE ALJ'S DECISION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.905(a)  The SSA evaluates disability claims using a five-step sequential evaluation process. *See* 20 C.F.R. § 416.920. Under this process, an ALJ determines, in sequence, whether a claimant: "(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012).

Here, at step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since January 1, 2023, and that Plaintiff did not engage in such activity from March 7, 2015 to December 31, 2021.[2] Tr. 1035, 1047. At step two, the ALJ found that, from March 7, 2015 to December 31, 2021, Plaintiff "had the following severe impairments: bipolar disorder; posttraumatic stress disorder; mild bilateral osteoarthritis in the knees; status post left knee meniscectomy; and status post left ACL repair." Tr. 1036. The ALJ found that Plaintiff's seizures, status hysterectomy, status post hysteroscopy, and drug addiction were non-severe during this time. *Id.* The ALJ then determined that, as of January 1, 2023, Plaintiff's "mild bilateral knee osteoarthritis; status post left knee meniscectomy; and status post left ACL repair" were severe impairments. Tr. 1047. The ALJ noted that Plaintiff's bipolar disorder, PTSD, seizures, status hysterectomy, status post hysteroscopy, and drug addiction were not severe during this time. Tr. 1048.

The ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment at any relevant time. Tr. 1036, 1049. With respect to Plaintiff's residual functional capacity ("RFC") from March 7, 2015 to December 31, 2021, the ALJ found that Plaintiff could:

> perform light work . . . except the claimant could never climb ladders, ropes, or scaffolds and only occasional stoop and crouch. She could occasionally use bilateral foot controls. She could perform simple, routine, repetitive tasks not performed at a production rate pace meaning no assembly line work and no hourly quotas. She could perform work done at a consistent pace with no changes of tasks throughout the workday, understand and remember simple instructions, and make simple work-related decisions.

Tr. 1038. The ALJ also determined that, as of January 1, 2023, Plaintiff had the RFC to "perform light work . . . except the claimant can never climb ladders, ropes or scaffolds and [can] only occasionally stoop and crouch.  She can occasionally use bilateral foot controls." Tr. 1050.

---

[2] Additionally, the ALJ noted that Plaintiff was not disabled from January 1, 2022 to December 31, 2022, because she engaged in substantial gainful activity during that time. Tr. 1047.

*Melissa B. v. Commissioner, Social Security Administration*
Civil No. SAG-23-1917
May 21, 2024
Page 3

Because Plaintiff could perform her past relevant work given her RFC during the periods at issue, the ALJ concluded that she was not disabled.  Tr. 1047, 1053.

### III.     LEGAL STANDARDS

The Court's review is limited to determining whether substantial evidence supports the ALJ's findings and whether the ALJ applied the correct legal standards.  *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  The ALJ's factual findings are conclusive if supported by "substantial evidence," 42 U.S.C. § 405(g), which is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion," *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).  It is "more than a mere scintilla" and "somewhat less than a preponderance."  *Id*.  In conducting the "substantial evidence" inquiry, the Court considers whether the ALJ "analyzed all evidence" and "sufficiently explained the weight [they have] given to obviously probative exhibits[.]"  *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439 (4th Cir. 1997).

### IV.     ANALYSIS

On appeal, Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence.  ECF No. 12 at 8.  Specifically, she avers that the ALJ failed to assess RFC in accordance with Social Security Ruling ("SSR") 96-8p.  *Id.* at 10–20.  With respect to mental functions, Plaintiff contends that the ALJ "failed to explain why[] [they] believed that Plaintiff's impaired capacity to maintain concentration, persistence, or pace[] could be accommodated with the chosen RFC limitations."  *Id.* at 19.  Defendant counters that the ALJ sufficiently explained the findings that were relevant to the RFC assessment.  ECF No. 14 at 7–16.

When a claimant has a mental impairment, an ALJ is required to make "a specific finding as to the degree of limitation" in four areas of functional limitation.  *Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 659 (4th Cir. 2017).  One of those areas is concentration, persistence, and pace ("CPP"), which involves "the abilities to focus attention on activities and stay on task age-appropriately."  20 C.F.R. pt. 404, subpt. P, app. 1 § 12.00(E)(3).  A "moderate" CPP limitation means that a claimant's ability to sustain CPP "independently, appropriately, effectively, and on a sustained basis is fair."  *Id.* § 12.00(F)(2)(c).  When an ALJ determines that a claimant has moderate CPP limitations, the ALJ must either include a corresponding limitation in their RFC assessment or explain why no such limitation is warranted.  *See Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015).

Here, the ALJ determined that Plaintiff had "moderate" CPP limitations from March 7, 2015 to December 31, 2021.  Tr. 1037.  The ALJ "factored" these limitations into the RFC assessment by limiting Plaintiff to "performing simple, routine, repetitive tasks not performed at a production rate pace" and by limiting her to working "at a consistent pace with no changes of tasks throughout the workday."  Tr. 1046.  Although the ALJ explicitly connected these RFC provisions to Plaintiff's CPP limitations, their decision contains no explanation of how the provisions were informed by the evidence of record.

The Court agrees with Plaintiff that this lack of explanation contravenes SSR 96-8p.  A claimant's RFC is "the most [she] can still do despite [her] limitations." 20 C.F.R. § 416.945(a)(1).  SSR 96-8p details the steps an ALJ must take when assessing a claimant's RFC.  *See generally* SSR 96-8p, 1996 WL 374184 (July 2, 1996).  The ruling directs ALJs to assess claimants' "work-related limitations and restrictions" on a function-by-function basis and provides that "[t]he RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."  *Id.* at *6–7.  Here, the ALJ contravened SSR 96-8p by failing to explain how the RFC assessment's CPP-related provisions were adapted from the evidence of record.  For instance, the ALJ made no effort to explain how a restriction from assembly-line work finds support in the record or addresses Plaintiff's CPP limitations.

While there is no *per se* rule requiring remand when an ALJ fails to perform a function-by-function analysis, remand is appropriate when an ALJ fails to assess "relevant" functions.  *Dowling v. Comm'r of Soc. Sec. Admin*, 986 F.3d 377, 388–89 (4th Cir. 2021).  Here, the ALJ found that Plaintiff had moderate CPP limitations, which required the ALJ to either address CPP in the RFC assessment or explain why doing so was unnecessary. *Mascio*, 780 F.3d at 638.  Thus, given the relevance of CPP-related functions to Plaintiff's case, the ALJ's failure to explain how the evidence supports the RFC assessment's CPP-related limitations is an error that warrants remand.  *See Dowling*, 986 F.3d at 389; SSR 96-8p, 1996 WL 374184, at *7.

As a final matter, the Court observes that the ALJ also contravened SSR 96-8p by failing to resolve a conflict between the RFC assessment and the evidence.  "If the RFC assessment conflicts with an opinion from a medical source," the ALJ must "explain why the opinion was not adopted."  SSR 96-8p, 1996 WL 374184, at *7.  Here, the ALJ assigned "some weight" to the mental RFC assessment performed by Dr. Lessans in September 2016. Tr. 1045.  But the ALJ did not specify which portions of Dr. Lessans's opinion were unpersuasive, if any.  *See id.*  It is therefore unclear how the ALJ concluded that Plaintiff could perform work at a consistent pace throughout the workday despite Dr. Lessans having rated Plaintiff's ability to "perform at a consistent pace without an unreasonable number . . . of rest periods" as "[m]oderately limited." Tr. 135.  The ALJ's failure to reconcile Dr. Lessans's opinion with the RFC assessment, compounded by the lack of explanation discussed above, impedes meaningful review and warrants remand for additional analysis.  *Mascio*, 780 F.3d at 636–38.

On remand, the ALJ must either: (1) explain how the RFC assessment addresses Plaintiff's moderate CPP limitations or (2) explain why no RFC provision is necessary to address those limitations.  *Id.* at 638.  Because the case is being remanded on these grounds, the Court need not address Plaintiff's other arguments.  On remand, the ALJ is welcome to consider those arguments and, if warranted, to adjust their decision accordingly.  In remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

*Melissa B. v. Commissioner, Social Security Administration*
Civil No. SAG-23-1917
May 21, 2024
Page 5

## V.     CONCLUSION

For the reasons set forth herein, the SSA's judgment is REVERSED due to inadequate analysis pursuant to sentence four of 42 U.S.C. § 405(g).  The case is REMANDED for further proceedings in accordance with this opinion.  The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion.  An implementing order follows.

Sincerely yours,

/s/
Stephanie A. Gallagher
United States District Judge